**F I L E D**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL JOSE MARQUEZ,

Defendant-Appellant.

No. 01-1111
(D.C. No. 00-CR-32-S)
(Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

Daniel Jose Marquez was charged with possessing a firearm after a felony

conviction in violation of 18 U.S.C. § 922(g)(1). He was convicted by a jury and

now appeals, contending that the evidence was insufficient to establish that he

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

possessed the firearm.  We affirm.

On appeal of the sufficiency of the evidence to support a jury verdict, we "review the record de novo and ask only whether, taking the evidence–both direct and circumstantial, together with reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Voss*, 82 F.3d 1521, 1524-25 (10th Cir. 1996) (internal quotation marks omitted).  "We do not question the jury's credibility determinations or its conclusions about the weight of the evidence." *United States v. Springfield*, 196 F.3d 1180, 1184 (10th Cir. 1999) (internal quotation marks omitted).

To establish a violation of section 922(g)(1), the government was required to prove that Mr. Marquez previously was convicted of a crime punishable by imprisonment exceeding one year, that he thereafter knowingly possessed a firearm, and that the possession was in or affecting interstate or foreign commerce.  *See United States v. Adkins*, 196 F.3d 1112, 1117 (10th Cir. 1999).  In this case the parties stipulated that Mr. Marquez had the requisite prior conviction and that the interstate commerce element was satisfied.  Thus the only issue for the jury to decide, and the only issue raised on appeal, is whether the government's evidence established that Mr. Marquez knowingly possessed the firearm.  The government may satisfy this element by showing either actual or

constructive possession. *See id.* at 1118. Here the government contended Mr. Marquez was in actual possession of the weapon, which required proof that he knowingly had physical control over it. *See United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998), *cert. denied*, 525 U.S. 1112 (1999).

The government and the defense presented sharply conflicting versions of the events underlying the charge against Mr. Marquez. The government's evidence showed that on the evening in question, Mr. Marquez' brothers, Angel and Pete Marquez, had been stopped by police for a traffic violation and had again encountered the police during a fight at a bar, where they were told by an officer to leave and not return. Although the officer was later called to the bar to respond to another fight involving the brothers, they had left by the time the officer arrived. Officer Mark Matthews was told by the responding officer to go to the home of the brothers. He did so and parked his patrol car across the street and down the block from the house. He testified that from his vantage point behind a van parked on the street, he had an unobstructed view of the front of the house, which was well-lighted by floodlights over the front door. He stated that he saw three men come out of the front door and begin walking three abreast, and that the man in the middle was carrying a shotgun. Officer Matthews shouted that he was a police officer and ordered the men to get to the ground. The man in the middle threw the gun to his side. Officer Matthews and another officer

handcuffed the men. Officer Matthews testified that at the time of the arrests he had identified the man carrying the gun as Daniel Marquez, and he identified defendant in the courtroom as that man.

The government also presented testimony from Officer Brian Dahl of the Yakima, Washington, police department about an incident approximately six months later. Officer Dahl testified that after he stopped Mr. Marquez for a traffic violation, he discovered Mr. Marquez was wanted on a federal firearms violation and took him into custody. Officer Dahl testified that Mr. Marquez was having trouble understanding why he was wanted for the violation and Officer Dahl suggested that Mr. Marquez' prints could have been found on a gun. According to Officer Dahl, Mr. Marquez then said his prints could be on a gun, relating an incident in which his brother had gotten him a gun for a present. The gun was not working properly and the brothers were going to get parts for it, but because there were children in the house they were going to take it outside and put it in the trunk of a car. He told the officer that when they came out of the house with the gun, Denver police officers happened by, arrested them, and took the gun.

The defense presented a different scenario of the night in question, offering evidence that Mr. Marquez' brother Angel had picked up the gun in the house and carried it outside, accompanied only by defendant. Angel testified that when he

heard the police shout, he threw the gun under a tree and hit the ground. Pete Marquez testified that he remained in the house until the police knocked on the door and dragged him outside.

The jury's verdict thus rested on its assessment of witness credibility, a matter uniquely within its province. Our review on appeal is not an opportunity "to second-guess the jury's credibility determinations, . . . [or] reassess the jury's conclusions about the weight of the evidence presented." *United States v. Beers*, 189 F.3d 1297, 1301 (10th Cir. 1999) (internal quotation marks omitted). The evidence presented by the government, although contradicted by that of defendant, was nonetheless sufficient to allow the jury to find Mr. Marquez guilty beyond a reasonable doubt of possessing a firearm.

We **AFFIRM** the conviction.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge